BROWN *v.* BROWN.

Opinion delivered April 7, 1930.

*Harry C. Steinberg* and *G. E. Snuggs*, for appellant.
*I. W. Stennett*, for appellee.

MEHAFFY, J. This action was begun by appellant, who alleged that she and appellee were married on the 29th of September, 1928, and that they lived together as husband and wife until the 12th day of October, 1928, when appellee deserted her. She also alleged that appellee was guilty of such indignities as rendered her condition intolerable, and she charged appellee with improper relations with a certain woman, naming her. Appellee filed answer, denying the material allegations in the complaint, and filed cross-complaint, in which he alleged that they were married on the 29th day of September, 1928, and that after the marriage, on the same day, appellant told appellee that she had syphilis; that she concealed this from appellee until after the marriage ceremony, and that if he had known she had syphilis he would not have married her; that he never cohabited with her, but left her the day of the marriage, and never lived with her. He asked that the marriage be annulled. The chancery court entered a decree dismissing appellant's complaint for want of equity, and annulled the marriage as prayed in appellee's cross-complaint. This appeal is prosecuted to reverse said decree.

Appellant's first contention is that she should have been granted a divorce. A sufficient answer to this contention is that the evidence on this issue is conflicting, and the finding of the chancellor is not against the preponderance of the evidence. Appellant testified that they lived together nine days and that during that time appellee's conduct in cursing her, getting drunk, and his relations with another woman rendered her condition intoler-

able. There is practically no corroboration of her testimony, and it is denied by appellee. He testified that he did not live with her at all, and she admits that he left her the afternoon they were married, but says he went to work and worked that night, but that he lived with her after that a few days. The evidence introduced by appellant as to appellee's relations with another woman was contradicted by the evidence of appellee, and it would serve no purpose to set out the evidence here.

Appellant next contends that the case should be reversed because the court erred in granting a decree annulling the marriage. It is contended that some of the evidence introduced to corroborate appellee's testimony that appellant told him she had a contagious disease was incompetent. The testimony of the physician was inadmissible. However, appellee testified positively that she told him about this on the day of the marriage and after the marriage. He says he left her that afternoon and never lived with her. She admits that he left on the afternoon of the marriage and stayed away that night, but she says he went to work because he could not get any one to work in his place that night. She also denies that she told him she had syphilis and denies that she had any disease. Appellee's testimony is corroborated by the testimony of Mrs. Hattie McMillan, the executive secretary of the Welfare Bureau. This testimony of Mrs. McMillan was competent. This witness testified that some months before the marriage of the parties, she aided the appellant with food and medical aid. When asked if she recalled the nature of the illness of appellant and the treatment, she said: "Venereal trouble and treatment for that." There were other circumstances tending to corroborate appellee's testimony on this issue. The appellant denied that she had ever made any request to Mrs. McMillan for treatment. At appellant's request, the court made a special finding of fact that appellant was at the time of her contracting marriage with appellee, infected with a dangerous, loathsome, venereal disease,

viz: syphilis, which rendered her incapable of entering into the marriage state, and, as a matter of law, the court declared that her attempted marriage should be annulled and held for naught under section 7041, C. & M. Digest. The finding of fact by the chancellor is not against the preponderance of the evidence, and the decree is therefore affirmed.